RECEIVED

MAR 19 2013

JOHN P. HEHMAN, CLERK
COLUMBUS, OHIO

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MARK ALBRECHTSEN<br>118 Graceland Blvd. #175<br>Columbus, Ohio 43214 | ) )<br>) )<br>) )<br>)   Case No.:      2 : 13 cv   256<br>) |
| Plaintiff, | )<br>)   District Judge:     JUDGE SARGUS<br>) |
| vs. | )<br>) |
| BARCLAYS BANK DELAWARE<br>125 South West Street<br>Wilmington, DE 19801 | )   Magistrate Judge MAGISTRATE JUDGE DEAVERS<br>)<br>) |
| And, | )<br>) |
| TARGET NATIONAL BANK<br>Target Credit Services<br>PO Box 673<br>Minneapolis, MN 55440-0673 | )   **COMPLAINT FOR WILLFUL**<br>)   **VIOLATIONS OF THE FAIR CREDIT**<br>)   **REPORTING ACT AND FAIR DEBT**<br>)   **COLLECTION PRACTICES ACT**<br>) |
| And, | )<br>) |
| CAPITAL ONE BANK USA<br>PO Box 30281<br>Salt Lake City, Utah 84130 | )<br>)<br>)<br>) |
| And, | )<br>) |
| GE Money Bank<br>/dba GE Capital Retail Bank<br>PO Box 965005<br>Orlando, Florida 32896 | )<br>)<br>)<br>) |
| And, | )<br>) |
| JARED JEWELERS<br>375 Ghent Road<br>Fairlawn, Ohio 44333 | )<br>)<br>)<br>) |
| And, | )<br>) |

MERRICK BANK                                    )
PO Box 1500                                     )
Draper, Utah 84020                              )
                                                )
And,                                            )
                                                )
CACH, LLC                                       )
4340 S Monaco                                   )
Second Floor                                    )
Denver, Colorado 80237                          )
                                                )
And,                                            )
                                                )
CREDIT ADJUSTMENTS OF DEFIANCE                  )
330 Florence Street                             )
Defiance, Ohio 43512                            )
                                                )
And,                                            )
                                                )
MEADE & ASSOCIATES, INC.                        )
737 Enterprise Drive                            )
Westerville, Ohio 43081                         )
                                                )
And,                                            )
                                                )
ACCOUNT RESOLUTION SERVICES                     )
1801 NW 66th Ave, Suite 200                     )
Plantation, Florida 33313                       )
                                                )
And,                                            )
                                                )
RECOVERY ONE, LLC                               )
5100 Park Center Avenue, Suite 100              )
Dublin, Ohio 43107                              )
                                                )
And,                                            )
                                                )
MIDLAND FUNDING, LLC                            )
8875 Aero Drive, Suite 200                      )
San Diego, California 92123                     )
                                                )
And,                                            )
                                                )
ALL OTHER JANE AND JOHN DOES                    )
Who either as a corporation, business           )
associations, sole proprietorship, individuals,  )

agents or employees thereof whose names
and addresses are unknown but shall be )
ascertained through discovery, are necessary )
and proper parties to this action, )
)
)
Defendants. )

## INTRODUCTION

1. Plaintiff alleges the Defendants violated Plaintiff's rights guaranteed to him under the
   Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. and the Fair Debt
   Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, for the past several years
   despite repeated efforts by Plaintiff to have Defendants correct inaccurate derogatory
   information contained within his credit report. The FCRA imposes duties upon
   consumer reporting agencies ("CRA") and those who furnish information to a CRA or
   use information obtained from a CRA. The FDCPA imposes duties upon debt
   collectors.

## JURISDICTION AND VENUE

2. This is an action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§
   1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§
   1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, and
   other equitable relief for Defendants' violations of the FCRA and the FDCPA.

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345,
   and 1355, and under 15 U.S.C. §§ 1681s and 1692l.

4. Venue is proper in the United States District Court for the Southern District of Ohio
   under 28 U.S.C. §§ 1391(b)-(c), and 1395(a).

## PARTIES

5. **Defendant Barclays Bank Delaware** ("Barclays") is a for-profit corporation organized, existing and doing business under the laws of the State of Delaware. Its principal place of business is 125 South West Street, PO Box 8803, Wilmington, Delaware 19801. Barclays is a "creditor" as defined in Section 803(4) of the FDCPA, 15 U.S.C. § 1692a(4).

6. **Defendant Target National Bank** ("Target") is a for-profit corporation organized, existing and doing business under the laws of the State of Minnesota. Its principal place of business is PO Box 673, Minneapolis, Minnesota 55440-0673. Target is a "creditor" as defined in Section 803(4) of the FDCPA, 15 U.S.C. § 1692a(4).

7. **Defendant Capital One Bank USA** ("Capital One") is a for-profit corporation organized, existing and doing business under the laws of the State of Utah. Its principal place of business is PO Box 30281, Salt Lake City, Utah 84130. Capital One is a "creditor" as defined in Section 803(4) of the FDCPA, 15 U.S.C. § 1692a(4).

8. **Defendant GE Money Bank /dba GE Capital Retail Bank** ("GEMB") is a for-profit corporation organized, existing and doing business under the laws of the State of Florida. Its principal place of business is PO Box 965005, Orlando, Florida 32896. GEMB is a "creditor" as defined in Section 803(4) of the FDCPA, 15 U.S.C. § 1692a(4).

9. **Defendant Jared Jewelers** ("Jared") is a for-profit corporation organized, existing and doing business under the laws of the State of Ohio. Its principal place of business is 375 Ghent Road, Fairlawn, Ohio 44333. Jared is a "creditor" as defined in Section 803(4) of the FDCPA, 15 U.S.C. § 1692a(4).

10. **Defendant Merrick Bank** ("Merrick") is a for-profit corporation organized, existing and doing business under the laws of the State of Utah. Its principal place of business is PO Box 1500, Draper, Utah 84020. Merrick is a "creditor" as defined in Section 803(4) of the FDCPA, 15 U.S.C. § 1692a(4).

11. **Defendant Cach, LLC** ("Cach") is a limited liability, for-profit, company organized, existing and doing business under the laws of the State of Colorado. Its principal place of business is 4340 S Monaco, Second Floor, Denver, Colorado 80237. Cach is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

12. **Defendant Credit Adjustments of Defiance** ("Credit Adjustments") is a for-profit corporation organized, existing and doing business under the laws of the State of Ohio. Its principal place of business is 330 Florence Street, Defiance, Ohio 43512. Credit Adjustments is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

13. **Defendant Meade & Associates, Inc.** ("Meade") is a for-profit corporation organized, existing and doing business under the laws of the State of Ohio. Its principal place of business is 737 Enterprise Drive, Westerville, Ohio 43081. Meade is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

14. **Defendant Account Resolution Services** ("ARS") is a for-profit corporation organized, existing and doing business under the laws of the State of Florida. Its principal place of business is 1801 NW 66th Ave, Suite 200, Plantation, Florida 33313. ARS is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

15. **Defendant Recovery One, LLC** ("Recovery One") is a limited liability, for-profit, company organized, existing and doing business under the laws of the State of Ohio. Its principal place of business is 5100 Park Center Avenue, Suite 100, Dublin, Ohio 43107. Recovery One is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

16. **Defendant Midland Funding, LLC** ("Midland") is a limited liability, for-profit, company organized, existing and doing business under the laws of the State of California. Its principal place of business is 8875 Aero Drive, Suite 200, San Diego, California 92123. Midland is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

17. Defendants Barclays, Target, Capital One, GECRB, Jared, Merrick, Cach, Credit Adjustments, Meade, Recovery One, and Midland ("Defendants") as part of their debt collection activities, furnishes information to CRAs. As such, Defendants are a "person" as defined by Section 603(B) of the FCRA, 15 U.S.C. 1681a and subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a CRA.

18. **Plaintiff Mark Albrechtsen** (hereinafter "Plaintiff"), formerly known as and named Mark Brooks, is a consumer obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5). At all times relative to this Complaint, Plaintiff has resided in this District.

## PRELIMINARY OF THE FACTS

19. After conclusion of Plaintiff's bankruptcy case in 2005, Plaintiff was subject to multiple instances of identity theft. Plaintiff was first alerted by the New York State

Police his identity was used in an attempt to purchase a home, and then used in an attempt to purchase a vehicle in the Atlanta area, and finally used to secure various lines of credit. Consequently, Plaintiff sought to challenge unknown derogatory information contained within his credit report, such as information reported by Defendants.

20. Plaintiff received credit reports over the years from various CRAs. Within Plaintiff's credit reports, Defendants reported derogatory information to CRAs that subsequently appeared on Plaintiff's credit file.

21. In an effort to combat identity theft and prove the alleged debt reported by Defendants to CRAs was owned by Plaintiff, Plaintiff gave notice to Defendants that the debt was in dispute and demanded Defendants validate the debt pursuant to FDCPA Section 809, 15 USC 1692g.

22. Section 623(a)(8) of the FCRA, 15 U.S.C. § 1681s-2(a)(8), states the following:

> **(D) Submitting a notice of dispute**
> A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that—
>
> > (i) identifies the specific information that is being disputed;
> >
> > (ii) explains the basis for the dispute; and
> >
> > (iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.
>
> **(E) Duty of person after receiving notice of dispute**
> After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—
>
> > (i) conduct an investigation with respect to the disputed information;
> >
> > (ii) review all relevant information provided by the consumer with the notice;
> >
> > (iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i (a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and
> >
> > (iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished

the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person

23. Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3), states the following:

> **Duty to provide notice of dispute.**
> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

24. Section 809 of the FDCPA, 15 U.S.C. § 1692g(b), states the following:

> **Validation of debts.**
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

### Defendant Barclays Bank Delaware

25. On September 3, 2009, Barclays appeared on Plaintiff's TransUnion credit report reporting account #5140218023333410 as delinquent. Plaintiff disputed this information through the credit bureaus after receipt of this report.

26. On May 4, 2010, Plaintiff served Barclays via U.S. Certified Mail a letter stating the debt is in dispute. After receipt of this letter, Barclays was obligated to conduct an investigation of the information they reported on Plaintiff's CRA file and deliver their investigative results to Plaintiff before the end of the 30-day period, beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681s-2(a)(8)(E). In this instant case, Barclays failed to communicate with the Plaintiff as to the result of their investigation and did not delete the derogatory information they reported on Plaintiff's credit report. Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), Barclays was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff.

27. On April 17, 2011, despite Barclays' failure to respond to Plaintiff's dispute, Barclays appeared on Plaintiff's TransUnion, Equifax, and Experian credit reports reporting account number #5140218023333410 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

28. On March 13, 2013, Barclays again appeared on Plaintiff's TransUnion credit report reporting account number #5140218023333410 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

### Defendant Target National Bank

29. On September 3, 2009, Target appeared on Plaintiff's TransUnion credit report reporting account #345025237 as delinquent. Plaintiff disputed this information through the credit bureaus after receipt of this report.

30. On May 4, 2010, Plaintiff served Target via U.S. Certified Mail a letter stating the debt is in dispute. After receipt of this letter, Target was obligated to conduct an investigation of the information they reported on Plaintiff's CRA file and deliver their investigative results to Plaintiff before the end of the 30-day period, beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681s-2(a)(8)(E). In this instant case, Target failed to communicate with the Plaintiff as to the result of their investigation and did not delete the derogatory information they reported on Plaintiff's credit report. Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), Target was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff.

31. On April 17, 2011, despite Target's failure to respond to Plaintiff's dispute, Target appeared on Plaintiff's TransUnion, Equifax, and Experian credit reports reporting account number #345025237 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account was in dispute by Plaintiff.

32. On March 13, 2013, Target again appeared on Plaintiff's TransUnion credit report reporting account number #345025237 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

### Defendant Capital One Bank USA

33. On September 3, 2009, Capital One appeared on Plaintiff's TransUnion credit report reporting account #4862367187551819 as delinquent. Plaintiff disputed this information through the credit bureaus after receipt of this report.

34. On May 4, 2010, Plaintiff served Capital One via U.S. Certified Mail a letter stating the debt is in dispute. After receipt of this letter, Capital One was obligated to conduct an investigation of the information they reported on Plaintiff's CRA file and deliver their investigative results to Plaintiff before the end of the 30-day period, beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681s-2(a)(8)(E). In this instant case, Capital One failed to communicate with the Plaintiff as to the result of their investigation and did not delete the derogatory information they reported on Plaintiff's credit report. Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), Capital One was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff.

35. On April 17, 2011, despite Capital One's failure to respond to Plaintiff's dispute, Capital One appeared on Plaintiff's TransUnion, Equifax, and Experian credit reports reporting account number #4862367187551819 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account was in dispute by Plaintiff.

36. On March 13, 2013, Capital One again appeared on Plaintiff's TransUnion credit report reporting account number #4862367187551819 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

### Defendant GE Money Bank

37. On September 3, 2009, GEMB appeared on Plaintiff's TransUnion credit report reporting account #6018596382281180 and #6044161004173006 as delinquent. Plaintiff disputed this information through the credit bureaus after receipt of this report.

38. On May 3, 2010, Plaintiff served GEMB via U.S. Certified Mail a letter stating the debt is in dispute. After receipt of this letter, GEMB was obligated to conduct an investigation of the information they reported on Plaintiff's CRA file and deliver their investigative results to Plaintiff before the end of the 30-day period, beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681s-2(a)(8)(E). In this instant case, GEMB failed to communicate with the Plaintiff as to the result of their investigation and did not delete the derogatory information they reported on Plaintiff's credit report. Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), GEMB was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff.

39. On April 17, 2011, despite GEMB's failure to respond to Plaintiff's dispute, GEMB appeared on Plaintiff's TransUnion, Equifax, and Experian credit reports reporting account number #6018596382281180 and #6044161004173006 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account was in dispute by Plaintiff.

40. On March 13, 2013, GEMB again appeared on Plaintiff's TransUnion credit report reporting account number #6018596382281180 and #6044161004173006 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

### Defendant Jared Jewelers

41. On September 3, 2009, Jared appeared on Plaintiff's TransUnion credit report reporting account #3087921700 as delinquent. Plaintiff disputed this information through the credit bureaus after receipt of this report.

42. On May 3, 2010, Plaintiff served Jared via U.S. Certified Mail a letter stating the debt is in dispute. After receipt of this letter, Jared was obligated to conduct an investigation of the information they reported on Plaintiff's CRA file and deliver their investigative results to Plaintiff before the end of the 30-day period, beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681s-2(a)(8)(E). In this instant case, Jared failed to communicate with the Plaintiff as to the result of their investigation and did not delete the derogatory information they reported on Plaintiff's credit report. Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), Jared was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff.

43. On April 17, 2011, despite Jared's failure to respond to Plaintiff's dispute, Jared appeared on Plaintiff's TransUnion, Equifax, and Experian credit reports reporting account number #3087921700 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account was in dispute by Plaintiff.

44. On March 13, 2013, Jared again appeared on Plaintiff's TransUnion credit report reporting account number #3087921700 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

## Defendant Merrick Bank

45. On September 3, 2009, Merrick appeared on Plaintiff's TransUnion credit report reporting account #4120613085827985 as delinquent. Plaintiff disputed this information through the credit bureaus after receipt of this report.

46. On May 4, 2010, Plaintiff served Merrick via U.S. Certified Mail a letter stating the debt is in dispute. After receipt of this letter, Merrick was obligated to conduct an investigation of the information they reported on Plaintiff's CRA file and deliver their investigative results to Plaintiff before the end of the 30-day period, beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681s-2(a)(8)(E). In this instant case, Merrick failed to communicate with the Plaintiff as to the result of their investigation and did not delete the derogatory information they reported on Plaintiff's credit report. Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), Merrick was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff.

47. On April 17, 2011, despite Merrick's failure to respond to Plaintiff's dispute, Merrick appeared on Plaintiff's TransUnion, Equifax, and Experian credit reports reporting account number #4120613085827985 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account was in dispute by Plaintiff.

48. On March 13, 2013, Merrick again appeared on Plaintiff's TransUnion credit report reporting account number #4120613085827985 as delinquent. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

### Defendant Cach LLC

49. Within 30 days upon discovering Cach's debt collection activities, Plaintiff served Cach a letter via U.S. Certified Mail on July 9, 2012 stating the debt associated with account #120016273355 is in dispute and demanded Cach validate the debt pursuant to 15 USC § 1692g(a)(4). After receipt of this letter, Cach was obligated to cease collection of the debt until Cach could obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mail such to the Plaintiff. Cach failed to respond to Plaintiff demand for debt verification, but nonetheless reported the debt collection to CRAs.

50. On March 13, 2013, Cach appeared on Plaintiff's TransUnion credit report reporting account #120016273355 as delinquent despite Cach's failure to validate the alleged debt, a violation of 15 USC § 1692g(b).

51. Through research, Plaintiff discovered Cach is duplicating entries on Plaintiff's credit report by attempting to collect the alleged debts associated with Defendant GEMB by combining both account numbers and initiating collection action under "GE Capital Retail Bank."

### Defendant Credit Adjustments of Defiance

52. Within 30 days upon discovering Credit Adjustments' debt collection activities, Plaintiff served Credit Adjustments a letter via U.S. Certified Mail on July 9, 2012 stating the debt associated with account #120016273355 is in dispute and demanded Credit Adjustments validate the debt pursuant to 15 USC § 1692g(a)(4). After receipt of this letter, Credit Adjustments was obligated to cease collection of the debt until Credit Adjustments could obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mail such to the Plaintiff. Credit Adjustments failed to respond to Plaintiff demand for debt verification, but nonetheless reported the debt collection to CRAs.

53. On March 13, 2013, Credit Adjustments appeared on Plaintiff's TransUnion credit report reporting account #120016273355 as delinquent despite Credit Adjustments' failure to validate the alleged debt, a violation of 15 USC § 1692g(b).

### Defendant Meade & Associates, Inc.

54. Within 30 days upon discovering Meade's debt collection activities, Plaintiff verbally advised Meade on approximately October 2012 that the debt associated with the collection of two Grant Medical Center accounts is in dispute and demanded Meade validate the debt pursuant to 15 USC § 1692g(a)(4). After receipt of this dispute,

Meade was obligated to cease collection of the debt until Meade could obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mail such to the Plaintiff. Meade failed to respond to Plaintiff demand for debt verification, but nonetheless reported the debt collection to CRAs.

55. On March 13, 2013, Meade appeared on Plaintiff's TransUnion credit report reporting the two Grant Medical Center accounts as delinquent despite Meade's failure to validate the alleged debt, a violation of 15 USC § 1692g(b). Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), Meade was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

## Defendant Account Resolution Services

56. Within 30 days upon discovering ARS' debt collection activities, Plaintiff verbally advised ARS on approximately October 2012 that the debt associated with the collection of a Mid Ohio Emergency Services account is in dispute and demanded ARS validate the debt pursuant to 15 USC § 1692g(a)(4). After receipt of this dispute, ARS was obligated to cease collection of the debt until ARS could obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mail such to the Plaintiff. ARS failed to respond to Plaintiff demand for debt verification, but nonetheless reported the debt collection to CRAs.

57. On March 13, 2013, ARS appeared on Plaintiff's TransUnion credit report reporting the Mid Ohio Emergency Services account as delinquent despite ARS' failure to validate the alleged debt, a violation of 15 USC § 1692g(b). Furthermore, pursuant to 15 U.S.C. § 1681s-2(a)(3), ARS was required to provide notice on Plaintiff's credit report through CRAs that the alleged debt is in dispute by Plaintiff. There was no indication on Plaintiff's credit report that the adverse reporting of this account is in dispute by Plaintiff.

### Defendant Recovery One, LLC

58. Within 30 days upon discovering Recovery One's debt collection activities, Plaintiff verbally advised Recovery One on approximately March 2012 that the debt associated with the collection of a Power Shack Gym & Fitness account is in dispute and demanded Recovery One validate the debt pursuant to 15 USC § 1692g(a)(4). After receipt of this dispute, Recovery One was obligated to cease collection of the debt until Recovery One could obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mail such to the Plaintiff. Recovery One failed to respond to Plaintiff demand for debt verification, but nonetheless reported the debt collection to CRAs.

59. On March 13, 2013, Recovery One appeared on Plaintiff's TransUnion credit report reporting a Power Shack Gym & Fitness account as delinquent despite Recovery One's failure to validate the alleged debt, a violation of 15 USC § 1692g(b).

## Defendant Midland Funding, LLC

60. Within 30 days upon discovering Midland Funding's debt collection activities, Plaintiff verbally advised Midland Funding on approximately July 2012 that the debt associated with the collection of a T-Mobile account is in dispute and demanded Midland Funding validate the debt pursuant to 15 USC § 1692g(a)(4). After receipt of this dispute, Midland Funding was obligated to cease collection of the debt until Midland Funding could obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mail such to the Plaintiff. Midland Funding failed to respond to Plaintiff demand for debt verification, but nonetheless reported the debt collection to CRAs.

61. On March 13, 2013, Midland Funding appeared on Plaintiff's TransUnion credit report reporting a T-Mobile account as delinquent despite Midland Funding's failure to validate the alleged debt, a violation of 15 USC § 1692g(b).

62. It is upon Plaintiff's information and belief that Midland Funding is also re-aging the collection account associated with Plaintiff's credit report so that it appears when it should have otherwise been purged from being reported to CRAs, a violation of 15 U.S.C. §1681c.

## All Defendants

63. As a result of Defendants' failure to comply with law and as a direct result of this non-compliance, Plaintiff has received a significantly lower credit scores over the past few years resulting in increased annual percentage rates on issued lines of credit, increased insurance rates, and has been rejected to receive student loan funding, vehicle loans,

employment offers, and other lines of credit as a direct result of the Defendants' violations.

## COUNT ONE – DEFENDANTS BARCLAYS BANK DELAWARE, TARGET NATIONAL BANK, CAPITAL ONE BANK, GE MONEY BANK, JARED JEWELERS, AND MERRICK BANK – VIOLATION OF FCRA § 623(a)(3), 15 U.S.C. § 1681s-2(a)(3)

64. Plaintiff re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein;

65. Section 623(a)(8)(E) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from the consumer and to report the results of the investigation to the consumer and report any inaccurate investigatory results to each consumer reporting agency.

66. Defendants were served with a letter from Plaintiff in May 4 2010 demanding an investigation to validate the alleged debt. Defendants are obligated under law to conduct an investigation or delete the reported information from Plaintiff's CRA file; Defendants did neither. Defendants failed to provide Plaintiff with any responsive communication to indicate an investigation was conducted to validate the alleged debt and the alleged debt continues to exist on Plaintiff's credit report as a derogatory account.

67. The acts and practices alleged in Count One constitute violations of Section 623(a)(8)(E) of the FCRA, 15 U.S.C. § 1681s-2(a)(8)(E).

## COUNT TWO – DEFENDANTS BARCLAYS BANK DELAWARE, TARGET NATIONAL BANK, CAPITAL ONE BANK, GE MONEY BANK, JARED JEWELERS, MERRICK BANK, ACCOUNT RESOLUTION SERVICES, AND MEADE & ASSOCIATES, INC. – VIOLATION OF FCRA § 623(a)(3), 15 U.S.C. § 1681s-2(a)(3)

68. Plaintiff re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein;

69. Section 623(a)(3) of the FCRA provides that if the completeness or accuracy of any information furnished by any person to any CRA is disputed to such person by any consumer, the information must be noted as disputed in the information reported by such person to any CRA. This provision does not require consumer disputes to be in writing.

70. Defendants were served with a letter from Plaintiff in May 2010 stating their claim of an alleged debt was in dispute by Plaintiff. Defendants were obligated under law to place notice on the Plaintiff's credit report that the alleged debt is in dispute or delete the reported information from Plaintiff's CRA file; Defendants did neither. The alleged debt continues to exist on Plaintiff's credit report as a derogatory account without any notice that the alleged debt is in dispute by Plaintiff.

71. The acts and practices alleged in Count Two constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3).

**COUNT THREE – DEFENDANTS CACH LLC, CREDIT ADJUSTMENTS OF DEFIANCE, ACCOUNT RESOLUTION SERVICES, MEADE & ASSOCIATES INC., RECOVERY ONE LLC, AND MIDLAND FUNDING LLC– VIOLATION OF FDCPA § 809, 15 USC § 1692g(b)**

72. Plaintiff re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein;

73. Section 809 of the FDCPA requires debt collectors to cease collection of the debt(s), or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and the debt collector mails such to the Plaintiff within thirty days upon receipt of Plaintiff's dispute.

74. Defendants received notification of Plaintiff's dispute and demand for debt verification but failed to respond to Plaintiff's request. Defendant's continue their debt collection activities and continued to report derogatory information on Plaintiff's credit report despite their failure to verify any alleged debt.

75. The acts and practices alleged in Count Three constitute violations of Section 809 of the FDCPA, 15 USC § 1692g(b).

## CIVIL PENALTIES
## FOR VIOLATIONS OF THE FCRA

76. Section 616 of the FCRA, 15 U.S.C. § 1681n, authorizes the Court to award monetary civil penalties of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## CIVIL PENALTIES
## FOR VIOLATIONS OF THE FDCPA

77. Section 813 of the FDCPA, 15 USC 1692k, authorizes the Court to award monetary civil penalties of (1) any actual damage sustained by such person as a result of said violations; (2) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## PRAYERS FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiff demands:

78. That judgment be rendered in favor of the Plaintiff and against Defendants on all causes of action asserted herein;

79. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this Complaint or in any supplemental pleadings;

80. That Plaintiff be awarded punitive damages against the Defendants pursuant to 15 U.S.C. § 1681n;

81. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 15 U.S.C. § 1681n and 15 USC 1692k;

82. That the Plaintiff receives any other further and general relief to which it may appear he is entitled.

Dated this 18th day of March 2013,

Mark Albrechtsen
Plaintiff, *Pro Se*
118 Graceland Blvd., #175
Columbus, Ohio 43214
Tel. (614) 339-7150
mark@blue-line.org

STATE OF OHIO                          )
                                       )SS:
COUNTY OF MONTGOMERY     )

BE IT KNOWN, that on the 18th day of March 2013, before me, Francis E Swift Jr ,
Notary Public in and for the State of Ohio, did personally appear MARK ALBRECHTSEN,
who being duly sworn, said:

I reviewed the forgoing complaint and to the best of my knowledge and belief all the facts are true.

FURTHER AFFIANT SAYETH NAUGHT.

Mark Albrechtsen

JURAT

Sworn to before me and subscribed in my presence this 18th day of March 2013.

_____
Notary Public

